UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GREGORY PAPADOPOULOS,<br><br>       Plaintiff,<br><br>  - against -<br><br>UNITED STATES, et al.,<br><br>       Defendants. | MEMORANDUM<br>OPINION AND ORDER<br><br>08 Civ. 11256 (RMB) (RLE) |

**RONALD L. ELLIS, United States Magistrate Judge:**

  Before the Court is *Pro se* Plaintiff Gregory Papadopoulos's Motion for Reconsideration of the undersigned's February 19, 2009 Order staying discovery pending consideration of motions before the District Judge. For the reasons that follow, his motion is **DENIED.**

## I. BACKGROUND

  On December 24, 2008, Papadopoulos filed the Complaint in the instant action followed by a request for injunctive relief, filed on December 30, 2008. Defendants have requested a pre-motion conference and expressed their intent to file a Motion to Dismiss in lieu of answering Papadopoulos's Complaint. Both applications are pending before District Judge Richard M. Berman. On February 19, 2009, following submissions by the Parties, the undersigned, to whom the case has been referred for General Pretrial (Docket No. 5), ordered that discovery be stayed. On March 18, 2009, Papadopoulos filed the present motion. (*See* Docket Nos. 15 & 16.)

## II. DISCUSSION

  To prevail on a motion for reconsideration, a movant must show that the court overlooked factual matters or controlling precedent "that might have materially influenced its earlier decision." *Robins v. Max Mara, U.S.A., Inc.*, 923 F. Supp. 460, 473 (S.D.N.Y. 1996) (citing

*Morser v. AT&T Info. Sys.*, 715 F. Supp. 516, 517 (S.D.N.Y. 1989)). This criteria is strictly construed against the moving party. *See Monaghan v. SZS 33 Assoc., L.P.*, 153 F.R.D. 60, 65 (S.D.N.Y.1994); *New York News Inc. v. Newspaper and Mail Deliverers' Union of New York*, 139 F.R.D. 294, 294-95 (S.D.N.Y.1991), *aff'd*, 972 F.2d 482 (2d Cir.1992). A motion for reconsideration is not a "forum for new theories or for 'plugging the gaps of a lost motion with additional matters.'" *CMNY Capital, L.P. v. Deloitte & Touche*, 821 F. Supp. 152, 162 (S.D.N.Y.1993) (citing *McMahan & Co. v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 727 F. Supp. 833, 833 (S.D.N.Y.1989)). Motions for reconsideration lie within the sound discretion of the district court. *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir.1983).

> S.D.N.Y. Local Civil Rule 6.3 instructs that:
>
> A notice of motion for reconsideration or reargument *of a court order determining a motion* shall be served within ten (10) days after *the entry* of the court's determination of the original motion, *or in the case of a court order resulting in a judgment, within ten (10) days after the entry of the judgment.* There shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked. . . . No affidavits shall be filed by any party unless directed by the court.

(emphasis in original). Local Civ. R. 6.3; *see also* FED. R. CIV. P. 72(a).

Papadopoulos's Motion for Reconsideration is untimely, and he concedes as much in his submission. Furthermore, in contravention of Local Rule 6.3, he submits an affidavit along with his moving papers. These procedural defects alone subject his motion to dismissal. Nonetheless, even if the Motion for Reconsideration were timely and properly filed, Papadopoulos sets forth no new relevant factual matters or controlling precedent. He raises no issues that materially affect the Court's Order that discovery be stayed at least until determination by Judge Berman of the above-mentioned pending applications.

## III. CONCLUSION

Papadopoulos's Motion for Reconsideration of the Court's February 19, 2009 Order staying discovery is therefore **DENIED.**

**SO ORDERED this 31st day of March 2009**
**New York, New York**

*/s/ Ronald L. Ellis*

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**