```
                                              USDC SDNY
                                              DOCUMENT
UNITED STATES DISTRICT COURT                  ELECTRONICALLY FILED
SOUTHERN DISTRICT OF NEW YORK                 DOC #:
------------------------------------------X   DATE FILED: 8/9/10
```

GREGORY PAPADOPOULOS,

                Plaintiff,

  -against-                             08 Civ. 11256 (RMB) (RLE)

UNITED STATES GOVERNMENT, THE FEDERAL    **ORDER**
BUREAU OF INVESTIGATION, THE TOWN OF
WEST PALM BEACH FLORIDA, MICHAEL
REITER, THE PALM BEACH MAFIA AND ITS
MEMBERS, TEN UNKNOWN FBI AGENTS, AND
FIVE UNKNOWN DETECTIVES WITH THE PALM
BEACH POLICE DEPT,

                Defendants.
------------------------------------------X

## I.  Background

On June 15, 2009, the United States Government ("Government"), the Federal Bureau of Investigation ("FBI"), the town of West Palm Beach, Florida ("West Palm Beach"), and former Chief of Police of West Palm Beach, Michael Reiter ("Reiter") (collectively, "Defendants") moved pursuant to Rules 8(a), 12(b)(1), 12(b)(6), and 56(b) of the Federal Rules of Civil Procedure to dismiss a complaint that had been filed on December 24, 2008 ("Complaint") by pro se plaintiff Gregory Papadopoulos ("Plaintiff"). (See Mem. of Law in Supp. of Mot. to Dismiss & for Summ. J., dated June 15, 2009 ("Mot."), at 1.) Defendants argue, among other things, that: (1) the claims raised against the Government and unnamed FBI agents in their official capacities are "barred by the doctrine of sovereign immunity"; (2) this Court lacks personal jurisdiction over West Palm Beach and Reiter because "neither is present in New York, and [] neither [D]efendant has directed any conduct towards New York"; (3) "Reiter is entitled to qualified immunity"; (4) "[t]he fanciful conspiracy invented by [P]laintiff does not articulate a

claim that is plausible on its face"; and (5) "[t]he FBI acted in good faith by performing an adequate search of its records in response to [P]laintiff's [Freedom of Information Act] ('FOIA') requests" and, in support of this argument, the Government submitted two declarations, one by Assistant U.S. Attorney Alicia M. Simmons, dated June 15, 2009 ("Simmons Decl."), and another by the FBI Section Chief of the Record/Information Dissemination Section, David M. Hardy, dated June 15, 2009 ("Hardy Decl."). (Mot. at 2–12.)

On September 30, 2009, Plaintiff filed an opposition ("Opposition") arguing, among other things, that: (1) sovereign immunity "is a rather outdated principle"; (2) "the majority of catastrophic events took place" in the Southern District of New York; (3) "Reiter can not be dismissed because he is one of the main links between the FBI and the [Palm Beach Mafia]"; (4) "[a]ll the allegations are consistent and coherent pointing to a conspiracy"; and (5) the FBI has "refus[ed] to comply with FOIA requests." (Pl.'s Mem. of Law in Opp'n to the Gov't's Mot., dated Sep. 28, 2009 ("Opp'n"), at 1–3.) And, on October 2, 2009, Plaintiff moved to strike both the Simmons and Hardy Declarations because they were not notarized. (Order to Show Cause to Strike Gov't Aff., dated Oct. 2, 2009 ("Pl. Mot. to Strike"), at 1.)

On October 7, 2009, Defendants submitted a reply. (See Ltr. from Alicia M. Simmons, Esq., to Hon. Richard M. Berman, dated Oct. 7, 2009, at 1–2.)

On June 9, 2010, United States Magistrate Judge Ronald L. Ellis, to whom this matter had been referred, issued a thorough report and recommendation ("Report") recommending that Defendants' motion be granted because, among other reasons: (1) the "United States and the FBI are entitled to sovereign immunity"; (2) "this court has no jurisdiction as to West Palm Beach and Reiter"; (3) "Reiter is protected by the doctrine of qualified immunity"; (4) Plaintiff "has failed to make anything other than conclusory [conspiracy] allegations"; and (5) "the FBI

2

engaged in a good faith effort to respond to [Plaintiff's] FOIA request" as evidenced by the Simmons Declaration and the Hardy Declaration. (Report at 5–12.) Judge Ellis also recommended that Plaintiff's Motion to Strike the Simmons Declaration and the Hardy Declaration be denied because notarization is not required. (Report at 11.)

The Report advised that "[p]ursuant to Rule 72, Federal Rules of Civil Procedure, the parties shall have fourteen (14) days after [June 14, 2010] to file written objections." (Report at 13.)

From on or about July 30, 2010 to August 6, 2010, Petitioner submitted a series of "objections" to the Report in the form of comments, dated July 28, 2010, a memorandum of law, dated July 28, 2010, an affidavit, dated July 28, 2010, and an "updated" affidavit, dated August 6, 2010 (collectively, "Objections"), arguing, among other things, that the decision of the United States Court of Appeals for the Fifth Circuit in Brown v. Nationsbank Corp., 188 F.3d 579, 583 (5th Cir. 1999), "describe[s] similar activities by FBI agents [and] contradicts Judge Ellis'[s] plausibility arguments," (Mem. of Law, dated July 28, 2010 ("Obj."), at 1), and that "Judge Ellis has improperly been assigned to this case." (Comments, dated July 28, 2010 ("Obj. Comments"), at 5; see also Aff. on Statistical Proof Provided by Pl., dated July 28, 2010 ("Obj. Aff."); Updated Aff. in Supp. of Pl.'s Request for a TRO and a Restraining Order of Harassment, dated Aug. 6, 2010 ("Supplemental Obj. Aff.").)

**For the reasons that follow, the Report is adopted in its entirety.**

## II. Legal Standard

"A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also Grassia v. Scully, 892 F.2d 16, 19 (2d Cir. 1989). "The District Court is required to make a de novo

3

determination of those portions of the report . . . to which objection is made" and "[w]here no timely objection has been made, a district court need only satisfy itself there is no clear error on the face of the record." Tolliver v. Ercole, No. 08 Civ. 4023, 2010 U.S. Dist. LEXIS 29683, at *1 (S.D.N.Y. Mar. 29, 2010) (internal quotations omitted).

Where, as here, a litigant is proceeding pro se, the Court "construes [his] submissions liberally so that they raise the strongest possible arguments that they suggest." Guerrero v. White-Evans, No. 06 Civ. 5368, 2010 U.S. Dist. LEXIS 31177, at *4 (S.D.N.Y. Mar. 30, 2010).

### III. Analysis

The facts and procedural history set forth in the Report are incorporated herein by reference. Having conducted a de novo review of the Report, the Objections, the record and the applicable legal authorities, the Court concludes that the Report is supported by the record and the law in all respects. See Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991).[1]

### (1) Sovereign Immunity

Judge Ellis properly determined that Plaintiff's litigation against the Government and the FBI is barred because "the United States may not be sued without its consent, and the existence of consent is a prerequisite for jurisdiction." (Report at 6); see Adeleke v. United States, 355 F.3d 144, 150 (2d Cir. 2003); Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action against a federal agency or federal officers in their official capacities is essentially a suit against the United States, such suits are also barred under the doctrine of sovereign immunity."); Mohammad v. Connolly, No. 06 Civ. 1342, 2007 WL 1541370, at *4 (E.D.N.Y. May 25, 2007) ("The United States has not waived its sovereign

---

[1] As to any portion of the Report to which no objections have been made, the Court concludes that the Report is not clearly erroneous. See Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). Any Objections not specifically addressed in this Order have been considered de novo and rejected.

4

immunity in this case and therefore, plaintiffs' claims against the FBI are dismissed for lack of subject matter jurisdiction.").

**(2)   Personal Jurisdiction**

Judge Ellis properly determined that the Court does not have personal jurisdiction over West Palm Beach or Reiter because "they do not have any contacts with New York State." (Report at 6); see Laufer v. Ostrow, 55 N.Y.2d 305, 309–310 (1982); Bucephalus Alt. Energy Grp. v. KCR Dev., No. 08 Civ. 7343, 2009 WL 5179091, at *6 (S.D.N.Y. Dec. 23, 2009); see also Marvel Worldwide, Inc. v. Kirby, No. 10 Civ. 141, 2010 WL 1655253, at *3 (S.D.N.Y. Apr. 14, 2010) ("conclusory allegations are not enough to establish personal jurisdiction").

**(3)   Qualified Immunity**

Judge Ellis properly determined that, assuming arguendo, there were personal jurisdiction over Reiter, all claims against Reiter in his official capacity should be dismissed under the doctrine of qualified immunity. (Report at 8); see Farid v. Smith, 850 F.2d 917, 921 (2d Cir. 1988); Williams v. City of White Plains, No. 08 Civ. 5210, 2010 WL 2465405, at *3 (S.D.N.Y. June 16, 2010); see also Menon v. Frinton, 170 F. Supp. 2d 190, 196 (D. Conn. 2001) (plaintiff's "conclusory allegations . . . are not sufficient to defeat [defendant police officer's] qualified immunity defense").

**(4)   Failure to State a Claim**

Judge Ellis properly concluded that, even if, arguendo, Plaintiff's Complaint were not procedurally defective, it would fail on the merits because it includes conclusory and "fantastic claims." (Report at 11; see also, e.g., Compl. at 1 ("The Palm Beach Chief of Police who is trained by the FBI is something like the chief executioner [in Palm Beach]"; 6 (FBI "convinced [Plaintiff's ex-wife] to seek divorce")); see Cummings v. Giuliani, No. 00 Civ. 6634, 2000 WL

5

1597868, at *2 (S.D.N.Y. Oct. 24, 2000); see also Denton v. Hernandez, 504 U.S. 25, 31–33 (1992).

The Fifth Circuit's decision in Brown v. Nationsbank Corp., 188 F.3d 579 (5th Cir. 1999), relied upon by Plaintiff in his Objections (see Obj. Mem. at 1), is distinguishable. In Brown, the FBI "began a sting operation, called Operation Lightning Strike, designed to uncover contract procurement fraud and other illegal activity committed in the aerospace community." Id. at 583. By contrast, Plaintiff's allegations that the FBI has conducted a "pretend investigation" and harassed him by forcing him to, among other things, "live alone and have no girlfriend for sex," (Compl. at 1–2), are not supported by any evidence. See George Washington America v. N.Y. Passport Ctr., No. 91 Civ. 2731, 1991 WL 258763, at *1 (S.D.N.Y. Nov. 27, 1991) (where allegations of conspiracy "are not even remotely substantiated by any factual basis").

(5) **FOIA Claims**

Judge Ellis also properly concluded that Plaintiff's FOIA claims should be dismissed because "[a]ffidavits or declarations supplying facts indicating that the agency has conducted a thorough search and giving reasonably detailed explanations why any withheld documents fall within an exemption are sufficient to sustain the agency's burden." (Report at 10; see Hardy Decl. ¶¶ 23, 36; Carney v. United States Dep't of Justice, 19 F.3d 807, 812 (2d Cir. 1994); see also Garcia v. United States Dep't of Justice, 181 F. Supp. 2d 356, 365 (S.D.N.Y. 2002) ("If an agency demonstrates that it has conducted a reasonable search for relevant documents, it has fulfilled its obligations under FOIA and is entitled to summary judgment on this issue.").

And, as to Plaintiff's Motion to Strike, Judge Ellis properly determined that "[n]otarization is not required." (Report at 6; see Simmons Decl. at 2 ("I declare under penalty

of perjury that the foregoing is true"); Hardy Decl. at 12 ("Pursuant to 28 U.S.C. § 1746, I declare the forgoing to be true.")); see also Prince of Peace Enter., Inc. v. Top Quality Food Market, No. 07 Civ. 349, 2007 WL 704171, at *5 n.5 (S.D.N.Y. Mar. 7, 2007).

(6) **Leave to Amend**

Petitioner's leave to amend the Complaint to name certain John Does and to add an additional defendant is denied because "[c]ourts should deny leave to amend when a claim is clearly frivolous or legally insufficient on its face." Miller v. Holtzbrinck Publishers, No. 08 Civ. 3508, 2008 WL 4891212, at *5 (S.D.N.Y. Nov. 11, 2008); see A.V. by Versace, Inc. v. Gianni Versace, 87 F. Supp. 2d 281, 298 (S.D.N.Y. 2000) ("[I]f the proposed amendment would be subject to 'immediate dismissal' for failure to state a claim or on some other ground, the Court will not permit the amendment."); see also Nettis v. Levitt, 241 F.3d 186, 194 n.4 (2d Cir.2001) ("Determinations of futility are made under the same standards that govern Rule 12(b)(6) motions to dismiss."); Bloom v. United States Gov't, No. 02 Civ. 2352, 2003 WL 22327163, at *8 (S.D.N.Y. Oct. 10, 2003); see also Benitez v. Locastro, No. 04 Civ. 423, 2010 WL 419999, at *18 (N.D.N.Y. Jan. 29, 2010) ("Because Plaintiff's claims against John Doe [] lack[s] merit, granting Plaintiff the opportunity to properly serve th[is] unnamed Defendant[] would be futile.").

**Assignment to Judge Ellis**

Finally, Plaintiff's argument that Judge Ellis has improperly been assigned to this case because, among other reasons, "[t]he FBI has the ability to assign cases to the[] Judge of [its] choice" is not supportable. (Obj. Comments at 5; see also Supplemental Obj. Aff. at 2 ("I am certain Judge Ellis was selected by the FBI in this case"); see Hamilton v. Arnold, 29 F. App'x.

614, 617, (1st Cir. 2002) ("there is no evidence inculpating [Judge] Arnold in any manipulation"). "Such chicanery can only be inferred through conjecture and speculation." Id.

## IV. Conclusion and Order

For the reasons stated herein, the Report is adopted in its entirety. The Clerk of Court is respectfully requested to close this case.

Dated: New York, New York
August 9, 2010

_____
RICHARD M. BERMAN, U.S.D.J.